Ríos *v.* Ríos ET AL.

APPEAL from the District Court of Humacao.

No. 152.—Decided December 24, 1904.

DOMINION TITLE—OWNERSHIP.—Although a declaration of ownership (dominion title) may be involved in an action to obtain the annulment of a proceeding wherein such declaration was made, so long as the annulment thereof is not decreed, the ownership and all its legal consequences will continue to exist in favor of the person on whose petition it has been declared or granted.

PROPERTY HELD IN COMMON.—In the absence of contracts or special provisions governing property held in common, the provisions of Title III, book 2, of the Civil Code, are applicable.

ID.—ADMINISTRATION OF THE THING HELD IN COMMON—RESOLUTION OF A MAJORITY OF THE PARTICIPANTS.—The resolution of a majority of the participants with respect to the administration and better enjoyment of the thing held in common will be binding upon all of the participants, and a majority will be deemed to have existed when the resolution is adopted by participants representing a major interest in the property held in common.

ID.—RESOLUTION PREJUDICIAL TO PARTICIPANTS.—In case there should not be a majority among the participants, or in case the resolution adopted thereby should be seriously prejudicial to the interests of the thing held in common, the district court will take proper action for the appointment of an administrator.

ID.—PRIVATE RIGHTS OF THE PARTICIPANTS.—When a part of the thing held in common belongs privately to one or more of the participants, the provisions of law governing community property will not be applicable to such part.

Id.—Disagreement of the Participants—Administration.—In case the partici-
pants in the thing held in common should be unable to reach an agree-
ment with respect to the administration and enjoyment of the property held
in common, the appointment of an administrator is proper.

Id.—Lease of Property Held in Common.—The fact that there is in existence a
contract of lease upon the properties held in common will not prevent the ap-
pointment of an administrator therefor, since the existence of such a contract
could not prevent an administrator from exercising the functions of such an
officer.

Id.—Division of Community Property—Right of Ownership of the Partici-
pants.—The appointment of an administrator for the community property will
not be deemed to prejudge the result of actions which may be pending or
which may be brought seeking to obtain a division of the property held in
common, or the object of which may be to prove the ownership of the partici-
pants.

Id.—Property Subject to Suit—Incidental Issues.—The administration of
property subject to suit constitutes an incidental issue entirely separate from
the action itself, the prosecution of an ordinary action not being necessary to
determine a matter of mere administration.

The facts are stated in the opinion.

*Mr. Vías Ochoteco,* for appellant.

*Mr. López Landrón* and *Juan de Guzmán Benítez,* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

An action was prosecuted in the District Court of Humacao to secure the annulment of a private contract of settlement executed by Manuela Gutman, widow of Bustelo, and her daughters by her first marriage named Petronila Patricia Ríos de Noya and María Ríos, widow of Rubio; which action, brought by María Ríos, was consolidated with another action brought by Petronila Patricia Ríos to secure a division of the property held by them in common by virtue of the said settlement, and in the said second action counsel for Petronila Patricia Ríos, on November 11, 1902, raised an incidental issue seeking to secure, by means of the proper legal formalities, the appointment of an administrator to take charge of, care for, develop, and exploit the properties of the joint ownership recorded in the registry of property in favor of María and Petronila Patricia Ríos, the said properties consisting, according to a certificate issued by the Registrar of Property

of Humacao, of the estates hereinafter mentioned, the boundaries whereof are given in the said certificate:

A property known as "Los Braciles" situated in *barrio* Antón Ruíz within the municipal jurisdiction of Humacao, composed of 158.23 *cuerdas* of land; another property called "Lebrón," situated in said *barrio* Antón Ruíz, composed of 28.027 *cuerdas*; another property without any name, situated in the same *barrio,* composed of 18.40 *cuerdas;* another property also without name, situated in said *barrio* and composed of 43.69 *cuerdas;* another property known as "Estancia Peña," also situated in *barrio* Antón Ruíz composed of 20 *cuerdas;* and an estate known as "San José de las Mulas," situated in *barrios* Antón Ruíz and Manvichi within the municipal jurisdiction of Humacao and which extends to *barrio* Río Blanco, which belongs to the municipal jurisdiction of Naguabo, composed of 1,666.126 *cuerdas.*

In support of her petition Petronila Patricia Ríos y Noya alleges that she and María being owners each of an undivided one-half interest in the aforesaid properties, it is just that they should each participate equally in the profits and benefits, as well as in the liabilities thereof, and inasmuch as the latter is enjoying the same, and as the plaintiff has not received one cent therefrom, notwithstanding the fact that she was given judicial possession thereof by the court, the said María not having consented to a division of the property held in common, it is necessary to put an end to such a state of affairs by the judicial appointment of an administrator, in accordance with paragraph 3 of section 398 of the Civil Code.

The Humacao court, by an order made on the 12th of November aforesaid, notified María Ríos of the incidental issue raised, and counsel moved for a reconsideration of the said order, alleging that properly speaking this question was not incidental to the complaint, whereby the action of *communi dividundo* was prosecuted, and therefore that the incidental issue should have been overruled by the court of its

own motion, in accordance with the provisions of article 742 of the Law of Civil Procedure. This motion was opposed by counsel for Petronila Patricia Ríos on the ground that the matter in question was certainly an incident to the proceedings in which the action of *communi dividundo* was prosecuted, and the Humacao court, by an order of December 31st, following, denied the motion for a reconsideration and required María Ríos to answer the complaint filed in the incidental issue.

María Ríos did so answer the said complaint, alleging that it could not be considered as an incidental issue, because it could not have any special influence upon the result of the main action, and that it has no connection with the legality of the proceeding, its object being involved in the main action, since the products were to be divided in order to determine what part of the same belonged to Petronila Ríos, in case it should be so ordered by judgment of the court, it is evident that such part would necessarily become the sole property of the joint owner to whom it might be awarded, who would have full power to manage and enjoy it; that if it is the intention, as may be inferred from the statements of the adverse party herself, to prevent María Ríos from continuing to appropriate the products of the properties, which allegation is absolutely untrue, she is exercising by way of an incidental issue one of the rights of ownership of which she considers herself to have been deprived, which is the right to the usufruct of the properties, and this is a matter that cannot be considered in an incidental issue but only in an ordinary action; that as there is an action pending to secure the annulment of a private contract for the division of inherited property, improperly called a settlement, as also the annulment of proceedings to obtain a dominion title, upon the final decision of which case depend all of the steps thus far taken and which may be taken by counsel for Petronila Ríos in connection with the properties involved in the said contract

and proceeding, the application of the said Petronila Ríos for the appointment of an administrator cannot at this time be considered, because any action which might be taken looking to the appointment of such an administrator would bring serious responsibilities upon, and prejudice the interests of, the judges who must finally decide whether the properties which appear recorded in the registry in the names of María and Petronila Ríos are their exclusive property, or whether, by reason of the death of Manuela Gutman, they now belong to all her heirs, and those of her first husband, José María Ríos; that section 398 of the Civil Code may be conveniently applied in considering a question of joint ownership of property which is perfectly defined by the designation of the adjoining owners, but not when, as in the case at bar, litigation is pending upon the matter; that the incidental issue having been raised in the action brought by Petronila Ríos to obtain a division of the property held in common, which action was ordered to be consolidated with the action for the annulment of a proceeding to obtain a dominion title which was prosecuted as a consequence thereof, it is clear that the same reasons which were taken into account upon ordering the consolidation of both actions, a decision cannot now be rendered in the incidental issue which might be in conflict with the final judgment which might in due time be rendered in those actions; and much less can the administration of the property in question be put in the hands of a stranger, to the obvious prejudice of the interests of María Ríos and the other joint owners of the said property; that María Ríos has been in possession of the "Hacienda Mulas" by virtue of a written contract of lease entered into with Manuela Gutman, which contract must be respected by all her heirs, one of whom is Petronila Ríos, inasmuch as that contract must continue in force until it is declared extinguished by the courts or by the consent of all the heirs of José María Ríos and Manuela Gutman; that the properties in question do not belong exclusively to María and Petronila

Ríos, as is evidenced by the fact that rent was paid to Manuela Gutman until the date of her death; and that the judgment of the Supreme Court of Spain of June 20, 1900, emphatically holds that where actions of *communi dividundo* and *familae erciscundae* are prosecuted, nothing can be considered except division of the thing or the common inheritance.

At the stage of the incidental issue where evidence is taken, the Estate of Manuela Gutman was cited on the petition of María Ríos, because her counsel considered that the said Estate should be a party to the incidental issue, since Manuela Gutman had been a party to the action to secure the annulment of the contract of settlement, and the proceedings to obtain a dominion title, with which action the suit to obtain a division of the property so held in common was consolidated; and Attorney Rafael López Landrón having appeared in behalf of the children by the second marriage of Manuela Gutman, he made no opposition to the incidental action, but, on the contrary, at the oral trial he expressly stated that he would not oppose the same.

From the evidence introduced by the parties it appears, among other things, which are not material to the matter in dispute: 1. That by virtue of the settlement agreed to by Manuela Gutman and her daughters, María and Petronila, they jointly prosecuted a proceeding to prove their ownership to the properties which belonged to each of them in accordance with the said settlement, those of Petronila and María being held jointly and in undivided one-half interests, and being the same ones to which the incidental issue refers, which proceeding to prove ownership was approved by the District Court of Humacao in an order of November 16, 1901, the Supreme Court having dismissed the appeal in cassation which was taken from the aforesaid order by a decision rendered June 4th of the following year. 2. That by an order of July 9, 1902, in a proceeding prosecuted by Petronila Ríos to secure judicial possession of several properties, which

are the ones referred to in the petition for an administrator, the District Court of Humacao ordered that possession be given to Petronila Ríos of her undivided one-half interest in the properties aforesaid, it not appearing that such possession was actually given. (3) That by a private instrument executed November 13, 1897, Manuela Gutman, widow of Bustelo, as the representative of the Estate of Ríos, leased to Ricardo Rubio, the deceased husband of María Ríos, the estate known as "Mulas," for a term of four years, to be counted from the first day of December of said year, at a monthly rental of 200 *pesos* of the money current at the time of such payment, of which 200 *pesos*, $50 belonged to the Estate of Bustelo, 40 *cuerdas* of the valley land in said property belonging to the said Estate. (4) That María Ríos presented rent receipts of the "Mulas" property for the months of January, February, March and April of the year 1901 and from May of the same year to January, 1902. (5) That on December 26, 1901, Petronila Ríos brought suit in the District Court of Humacao against Manuela Gutman to compel her to make immediate delivery of all the lands and appurtenances composing the estate of "San José de las Mulas," situated in the municipal jurisdiction of Humacao, and of the lands constituting the estate known as "Culo Prieto," situated within the municipal jurisdiction of Naguabo, together with indemnity for the consequent damages and losses, excluding 40 *cuerdas* from the estate first mentioned, which belong to the Estate of Bustelo. This complaint was answered by Manuela Gutman, who alleged among other things that María Ríos, widow of Rubio, was the one who placed obstacles in the way of the demands of the plaintiff. (6) That María Ríos also brought an action to obtain a conciliation before the municipal court of the Cathedral district of this city on October 31, 1901, against Manuela Gutman, seeking among other things to compel delivery of the estate known as "Culo Prieto," situated within the municipal jurisdiction

of Naguabo, in which estate she owned an undivided one-half interest, her sister Petronila owning the other undivided one-half interest therein by virtue of a testamentary settlement of the properties left upon the death of their father, José María Ríos, and of their brother, José María Ríos y Gutman.

The District Court of Humacao, by judgment of November 2d of the year last past, sustained the incidental complaint and in consequence thereof adjudged the defendant María Ríos widow of Rubio, to submit to the appointment of an administrator for the properties which were the object of the complaint, said administrator to be designated by the court in virtue of the discretionary powers thereupon conferred by the law, under the formalities and with the powers and duties pertaining to such office, pursuant to the applicable provisions of section 4, title 9, book 2 of the Law of Civil Procedure, with costs of the incidental issue against the said María Ríos.

From that judgment counsel for María Ríos took an appeal, which was allowed and the record having been sent up to this Supreme Court, after citation and summons of the parties and after they had been served with copies of the record, a day was set for the hearing, at which only counsel for respondents appeared.

Such are the facts involved in the appeal now submitted for the decision of this court.

As will be seen, the legal question submitted is simply whether or not the appointment of an administrator for the rural estates mentioned in the complaint was proper. Those properties at the present time belong in undivided and equal parts to Petronila Patricia Ríos y Noya and her sister María Ríos, widow of Rubio, as is shown by the records of the title of joint ownership entered in the Registry of Property of Humacao as the result of a proceeding to obtain a dominion title approved by an order of November 16, 1901. Although the annulment of that proceeding may be the object of a suit

prosecuted by María Ríos, so long as the annulment sought is not declared, the co-ownership must continue in existence, together with all its legal consequences, and therefore at the present time there exists a joint ownership of the properties which, in the absence of special provisions or contracts, must be governed by the provisions of Title III of book 2 of the Civil Code now in force.

Said Title, after giving some of the rules governing property owned in common, in its section 405, which is a copy of article 398 of the former Code, says:

"The resolution of the majority of the participants as to the management and better enjoyment of the thing held in common shall be binding (on all).

"A majority shall not be deemed to exist except when the resolution has been taken by the participants representing a majority of the interests which constitute the object of the common ownership.

"If no majority results, or if the resolution of the majority is seriously prejudicial to the persons interested in the thing held in common, the district court, on petition of any of the parties, shall decree what may be proper, including the appointment of an administrator.

"When a part of a thing belongs privately to one or to several of the part owners and the remainder in common, the preceding provisions shall only apply to the part held in common."

In this case, Petronila and María Ríos, far from being satisfied with the management and enjoyment of the properties held in common, are in absolute disagreement, so much so that the former has brought a suit against the latter to obtain a division of the common property, and the latter has brought an action against the former to secure the annulment of a contract constituting said common ownership, the time therefore having arrived which is provided for by law for the District Court of Humacao to appoint an administrator in the exercise of its discretionary powers.

This could not be prevented by the contract of lease of the estate known as "San José de las Mulas," one of the es-

tates included in the property held in common, and executed on November 13, 1897, by Manuela Gutman and Ricardo Rubio, the deceased husband of María Ríos, to continue for a term of four years, for aside from the fact that the constitution of the common ownership took place upon a date subsequent to that of the lease, the term of said contract had expired when the application for an administration was made, and there is nothing in the record to warrant us in holding that it should still be deemed to continue in existence by virtue of a renewal by tacit consent for the term provided for by article 1566 of the old Civil Code taken in connection with articles 1577 and 1581 of the same code which correspond to sections 1469, 1480 and 1484 of the new Civil Code. Furthermore, the existence of the lease would not prevent the administrator from exercising the functions of that office, nor does judicial administration of properties prejudge the result of the suits pending to obtain a division of the property held in common, the annulment of the proceeding to obtain a dominion title, and the settlement which brought about the prosecution of the said proceeding. The said administration is subordinate to the result of those suits and will subsist or not as may be compatible with the final judgment which may be rendered therein.

Nor is there any doubt whatever that the matter in dispute is and should be considered as an issue incidental to the action to obtain a division of the properties held in common and which are to be submitted to administration, since it is immediately related to the object of said action, and the decisions of the courts have held that the administration of property involved in litigation constitutes an incident separate and distinct from the action itself, thus facilitating the course of the main proceeding, making it unnecessary to submit to the long delays of an ordinary action in order to obtain a consideration and decision of a mere question of administration.

For the reasons hereinbefore stated we are of opinion that the judgment rendered by the District Court of Humacao

on November 2d of last year should be affirmed, with the costs of the appeal against appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.